Case 4:23-cv-03441   Document 4   Filed on 09/20/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADLEY JON SEARCY, a/k/a BRADLEY JOHN SEARCY, SPN #01939816, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-23-3441 |
| BRANDON BROSSARD, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, is in custody of the Harris County Sheriff's Office pending disposition of felony charges for injury to an elderly person. He filed this civil lawsuit under 42 U.S.C. § 1983 against the complainant Robert Searcy (his father) and the arresting officer, Houston Police Department ("HPD") Officer Brandon Brossard.

Having screened the complaint as required by 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Plaintiff states that on August 9, 2023, he was arrested by defendant HPD Officer Brandon Brossard on the basis of a false report filed by plaintiff's elderly father, complainant Robert Searcy. The complainant accused plaintiff of striking him in the face. Plaintiff claims that Officer Brossard "profiled and humiliated" him and arrested him without

probable cause knowing that the accusation was false, and that the complainant fabricated the story. Plaintiff seeks monetary damages against Robert Searcy for filing a false police report and against Officer Brossard for false arrest and detention.

## II. ANALYSIS

Because plaintiff is a pretrial detainee who proceeds *in forma pauperis*, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e) (2) (B).

A.   State Actor

Plaintiff names his elderly father, Robert Searcy, as a defendant and complains that he filed a false police report against plaintiff.

Section 1983 grants the right to redress only to one whose constitutional rights were violated by a person acting under color of state law; that is, the defendant must be shown to be a state actor. Individuals who are private citizens do not become state actors solely because they provide law enforcement authorities with information which led to a plaintiff's arrest. *See, e.g., Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) (holding that private citizen who provides information to police is not a state actor); *Pleasant v. Carraway*, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (holding that a private

individual complainant in a criminal prosecution does not act under color of law, even if the police relied upon the individual's sworn complaint in arresting and charging the plaintiff).

Plaintiff has not alleged facts sufficient to show that his father is a state actor for purposes of section 1983, and plaintiff's claims against him must be dismissed with prejudice for failure to state a viable claim for relief.

B.  *Heck* Bar

Plaintiff's claims for monetary damages against Officer Brossard predicated on his alleged unlawful arrest and detention are currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and must be dismissed.

Under *Heck*, to recover damages based on allegations of unlawful arrest, detention, or imprisonment, a prisoner must prove that the confinement or conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.*, 512 U.S. at 486–87. Thus, plaintiff in the instant case cannot recover monetary damages against Officer Brossard unless he alleges and shows that the challenged arrest and detention have been invalidated, set aside, or otherwise declared unconstitutional. *See, e.g., Mann v. Denton County*, 364 F. App'x 881, 883 (5th Cir. 2010) (per curiam).

Public online records for the Harris County District Clerk's Office show that plaintiff pleaded guilty on September 11, 2023, to the felony charge for injury to an elderly person.

3

*State v. Searcy*, Cause No. 1831174 in the 248th District Court of Harris County, Texas. Sentencing is set for October 10, 2023. Consequently, plaintiff's claims are currently barred by *Heck* and must be dismissed with prejudice for failure to state a viable claim for relief until such time as the *Heck* conditions are met.

### III. CONCLUSION

For the reasons stated above, this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief under section 1983. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 20th day of September, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE